**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD HODGES,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>FERNANDO GONZALEZ,<br><br>        Respondent-Appellee. | No. 08-17113<br><br>D.C. No. 2:04-cv-02087-MCE-KJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted August 10, 2010[**]
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Richard Hodges, a state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Hodges contends (1) that the state trial court violated his right to due process when it failed *sua sponte* to conduct a competency hearing and (2) that his attorneys rendered ineffective assistance when they failed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to obtain and present evidence that he had suffered from hallucinations. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

This court reviews de novo the district court's denial of a petition for a writ of habeas corpus. *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010). Because Hodges filed his federal habeas petition after April 24, 1996, his petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a writ of habeas corpus can be granted only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## I.

The state trial court did not violate Hodges's right to due process when it failed *sua sponte* to conduct a competency hearing. Due process requires a court *sua sponte* to conduct a competency hearing whenever the evidence before it raises a "bona fide doubt" whether a defendant is competent. *Drope v. Missouri*, 420 U.S. 162, 180 (1975); *Pate v. Robinson*, 383 U.S. 375, 385 (1966). Unlike in *Drope* and *Robinson*, Hodges's evidence did not raise a bona fide doubt as to his competence because his most recent suicide attempt occurred several months

2

*before* he pleaded no contest, there was no evidence that his antidepressants impaired his ability to understand the proceedings and to assist counsel in his defense (rather, there was evidence he could do so), and he did not have a pronounced history of irrational behavior. His reliance on non-Supreme Court cases is to no avail; those cases are distinguishable and, in any event, are merely persuasive under 28 U.S.C. § 2254(d)(1). *Maxwell*, 606 F.3d at 567.

## II.

Hodges's two trial attorneys did not render ineffective assistance when they failed to discover and present evidence that Hodges previously had suffered from hallucinations. To establish ineffective assistance of counsel, Hodges must show his attorneys' representation was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Hodges can show neither because the evidence of his hallucinations was insignificant: the hospital record concluded that there was no evidence that he had suffered from hallucinations and noted that he denied any history of hallucinations. His mother's declaration referred to only two times in which he had suffered from hallucinations a year before his no contest plea. Neither document suggests that hallucinations affected his competency at the time of his plea.

**AFFIRMED.**